963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene SANDERS, Petitioner-Appellant,
v.
Robert Glen BORG, Warden, et al. Respondents-Appellees.
 No. 90-55337.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided May 14, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from the denial of a habeas corpus petition in a California first degree murder conviction after a jury trial. The dispositive issue is whether the defendant was adequately apprised of the fact that the government intended to proceed on a felony-murder theory to support the first-degree murder charge. See Sheppard v. Rees, 909 F.2d 1234 (9th Cir.1990).
 
 
 4
 The appellant and his co-defendant were both charged with first-degree murder. The charges arose from an episode in which the victim was shot in the neck by a single bullet as he sped away following a confrontation with the appellant and his co-defendant. The appellant maintains that the first time that he was apprised of the fact that the government intended to maintain that the shooting occurred in the course of a robbery, and therefore fell within California's felony-murder statute, Cal.Penal Code § 189, was at the close of the government's evidence at trial. The appellant's counsel made no objection, no motion for mistrial or request for continuance at that time, or any other time during the course of the trial proceedings. The government maintains that the defendant was apprised of the government's theory before trial, and the district court, based on the magistrate's report and recommendations, agreed. The state trial court and appellate court so found.
 
 
 5
 Our review of the record convinces us that both defendants must have been aware of the felony-murder theory prior to trial. The only way that the government could proceed to prosecute both on first degree murder charges was by showing that a robbery occurred and the murder was therefore a felony murder. The co-defendant filed a pretrial motion asking for dismissal based upon the insufficiency of the evidence to support a robbery. The defense counsel for the appellant began his opening statement to the jury identifying as a key issue the question of whether or not a robbery had occurred. The theory of the defense was that this had not been a robbery, but a failed drug transaction.
 
 
 6
 Under Sheppard v. Rees, the defendant must be apprised of the government's intention to proceed on a felony-murder theory if due process is to be observed. Sheppard does not require reversal of a conviction for denial of due process in a case like this where there was no formal notice in the charging document but where the record demonstrates that the defendant had actual notice of the government's theory.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3